EUREKA CEREAL BEVERAGE COMPANY, PROSECUTOR, v. FRANCISKA LANGNASE ET AL., DEFENDANTS.

Submitted October 16, 1931—Decided March 2, 1932.

Before Justices TRENCHARD, DALY and DONGES.

For the prosecutor, *Emil Neblo.*

For the defendants, *E. Robert Coven.*

PER CURIAM.

This writ brings up a judgment of the Passaic Common Pleas affirming a determination of the workmen's compensation bureau awarding compensation to the defendant Franciska Langnase for the death of her husband as the result of an accident arising out of and in the course of his employment by prosecutor.

The contention of the prosecutor is that there is no evidence that the deceased received an injury arising out of and in the course of his employment.

The facts briefly are as follows: Langnase was employed by prosecutor as a brewer of beer. He started to work each night at eleven-thirty. On the evening of August 25th, 1929, he reported for work in apparent good health. About two A. M. a fellow workman, who wanted to consult him about work, searched for him in the plant. Hearing water running in a vat and being unable to get any response to calls, he ascended a ladder outside the vat, which was fifteen feet deep. He discovered the deceased lying on his back in the bottom of the vat with the ladder used to descend into the inside of the vat across his body. Police and an ambulance were called and the body was brought out. There was a strong odor of carbon dioxide in the tank which made the interne who entered dizzy and forced him to use a gas mask. The cause of death given in the death certificate was arterio scelerosis induced by shock due to a fall from the ladder. There was evidence of an abrasion on the head and of blood in the mouth and ears.

The prosecutor's position is that the defendant did not sustain the burden of proving an accident which caused death. Medical testimony was introduced with a view to showing that there was, or might have been, a heart attack which came upon Langnase as he was descending the ladder, and which caused both the fall and the death.

However, it would seem that the circumstantial evidence of the body being found with the ladder lying across it; coupled with the testimony of the interne that he thought the deceased had a brain concussion, and the testimony that

the fall produced the heart attack, is sufficient to sustain the finding of fact on the question of the happening of an accident. Two tribunals have so found and this court should be slow to disturb a finding of fact and to weigh the evidence. Prosecutor's argument is that there is *no* evidence to support the judgment. The circumstantial evidence alone is sufficient.

The judgment under review will be affirmed, with costs.